UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOSE LUIS MANCHA,** § | | |
| **TDCJ # 1550001,** § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| v. § | | Civil Action |
| § | | No. SA-10-CA-723-XR (NN) |
| **F/N/U McMANUS, San Antonio Police Chief,** § | | |
| **F/N/U RAMOS, San Antonio Police Officer,** § | | |
| § | | |
| **Defendants** § | | |

**SHOW CAUSE ORDER**

Before the Court is Plaintiff Jose Luis Mancha's 42 U.S.C. § 1983 civil rights complaint. Plaintiff alleges in May 2008, after a break-up with a former girlfriend, the girlfriend's uncle, Defendant San Antonio Police Officer Ramos began a campaign of retaliation against Plaintiff. Plaintiff claims Defendant Ramos drove up to Plaintiff's car, opened the door, threw Plaintiff on the floor, and struck Plaintiff in the face several times, hurting Plaintiff's jaw and breaking a tooth. Plaintiff was handcuffed and taken to a parking lot, where Defendant Ramos told him he was being charged with possession of cocaine. Plaintiff contends Defendant Ramos assaulted Plaintiff, planted evidence, and harassed Plaintiff. Plaintiff asserts Defendant Police Chief McManus created policy or custom allowing or encouraging illegal acts.

Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). For the purpose of making these determinations, this Court accepts as true the factual allegations of the complaint. *U.S. v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

*Plaintiff's claims in his § 1983 Complaint are frivolous or fail to state a claim and therefore are subject to dismissal for the following reasons:*

1.      Plaintiff's claims against Defendant McManus lack merit. In a § 1983 civil rights action, a plaintiff must prove the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981). An employer is not liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691. Here, Plaintiff generally alleges Defendant McManus created policy or custom allowing or encouraging illegal acts, but he does not point to any specific policy or custom by which Defendant McManus allowed or encouraged assaults by police officer or the planting of evidence by police officers.

3.      Plaintiff's claims concerning events in May 2008 are barred by the two-year statute of limitations. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (Texas's two- year tort

statute of limitations applies to § 1983 actions in Texas).

4.  Plaintiff alleges he was charged with possession of cocaine. Public records show he was sentenced in January 2009 for possession with intent to deliver a controlled substance in cause number 2008CR6542A in Bexar County, with an offense date of May 13, 2008. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a § 1983 claim about unconstitutional confinement does not accrue until the basis of that confinement has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Plaintiff's allegations concerning the planting of evidence, if successful, "would necessarily demonstrate the invalidity of his confinement or its duration," but his custody based on time credit calculations has not been declared unlawful. Therefore, a civil rights action challenging his custody is barred by *Heck v. Humphrey* and *Wilkinson v. Dotson*. *See McGrew v. Texas Brd. Pardons & Paroles*, 47 F. 3d 158, 160-61 (5th Cir. 1995). Furthermore, injunctive and declaratory relief invalidating his custody are not available in this civil rights action. In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court held that where an inmate seeks early release from confinement the inmate's sole remedy is through a writ of habeas corpus. If Plaintiff wishes to challenge the legality of his imprisonment, he must do so in a habeas corpus proceeding after exhausting his state remedies. *See*

28 U.S.C. § 2254.

5.     Plaintiff's claim that Defendant Ramos planted evidence is conclusory. He does not allege any facts related to that claim.

6.     Plaintiff asserts he was assaulted, but he does not how the assault violated his constitutional rights. Plaintiff does not allege what were the events that led up to the incident and he does not allege what he was doing immediately before and during the assault.

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible. *See Neitzke v. Williams*, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). **Therefore, Plaintiff shall show cause within twenty-one (21) days why this Court should not dismiss his claims as frivolous and for failure to state a claim, as explained in this Order, by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies or explaining why his claims should not be dismissed.** If Plaintiff fails to respond to this Order, this action will be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

**SIGNED** on September 9, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE